UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN HARDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00161-TWP-DLP ) |
| THOMAS OPIE, ZATECKY, PENDLETON CORRECTIONAL FACILITY, | ) ) ) ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint alleges that on November 9, 2018, Sgt. Thomas Opie used excessive force against Mr. Harden while he was handcuffed. In particular Sgt. Opie slammed Mr. Harden down on the floor and yanked his arms through the cuff port causing pain. Sgt. Opie then denied Mr. Harden medical care.

The complaint further names Warden Zatecky and Pendleton Correctional Facility as defendants in their individual and official capacities. Mr. Harden alleges that these defendants are liable for failing to train Sgt. Opie.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

First, Pendleton Correctional Facility is **dismissed** because it is a facility operated by the Indiana Department of Correction and is not itself a legally separate entity or "person" subject to suit, it is "merely a division of the Indiana Department of Correction." *Looney v. Miami Corr.*

*Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility) (*citing Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) ("Sheriff's Department is not a legal entity separable from the county government which it serves and is therefore, not subject to suit.")).

Second, the claim against Warden Zatecky in his official capacity is **dismissed.** An official capacity claim against the defendant as an employee of the Indiana Department of Correction is in essence against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

The claim that Sgt. Opie violated Mr. Harden's Eighth Amendment rights by subjecting him to excessive force and denying him medical treatment shall proceed as submitted. The tort claims related to the alleged battery and breach of duty to provide medical care under Indiana law shall also proceed against Sgt. Opie.

The claim that Warden Zatecky is liable for "failure to train" Sgt. Opie in violation of the Eighth Amendment shall proceed. "Supervisors may be liable under § 1983 for a failure to train, but the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must show that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (*citing Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Ultimately, a plaintiff

must show that the official knew that his training was inadequate to handle a particular situation and that a constitutional violation was likely without improvements. *Kitzman–Kelley*, 203 F.3d at 454; *Robles v. City of Fort Wayne*, 113 F.3d 732 (7th Cir. 1997). Although the plaintiff's allegations are sparse, they are sufficient to place Warden Zatecky on notice of the claim, which is all that is required at this time.

In summary, the Eighth Amendment excessive force and denial of medical care claims, as well as, the state law tort claims for battery and breach of duty shall proceed against Sgt. Opie. The Eighth Amendment failure to train claim against Warden Zatecky in his individual capacity shall also proceed. This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 20, 2019,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within thirty (30) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The **clerk is directed** to terminate Pendleton Correctional Facility as a defendant on the docket.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Thomas Opie and Warden Zatecky in the manner specified by Rule 4(d). Process shall consist of

the complaint filed on January 15, 2019, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: 1/25/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CALVIN HARDEN
230560
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

    Sgt. Thomas Opie
    Warden Zatecky

    (All at Pendleton Correctional Facility)